UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
        PLAINTIFF,

V.                              CASE NO. 99-255(HL)

LUIS A. SANCHEZ-DIAZ,
        PETITIONER,

PETITIONER'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2)
REQUESTING SENTENCE REDUCTION FOR CRACK COCAINE OFFENSES
RELEVANT TO RETROACTIVE AMENDMENTS TO THE SENTENCING GUIDELINES
AND REQUEST FOR HEARING FOR ALLOCUTION PURPOSES

    Now comes the petitioner, Luis A. Sanchez-Diaz, pro-se, in the above styled cause, and request this honorable court to reduce his sentence pursuant to Title 18 U.S.c. § 3582(c)(2), where the Sentencing Guidelines relevant to crack cocaine offenses has been lowered, and the petitioner request a hearing for allocution purposes for the same. The petitioner states the following to wit in support:

    The petitioner, having been convited by way of a guilty plea on March 6, 2000, in this court for the offense of possession with intent to distribute in excess of five (5) kilograms of cocaine and in excess of five (5) kilograms of cocaine base, in violation of Title 21 U.S.C. § 846, count one (1), of which is relevant to retroactive Amendment 706, seeks reduction of his sentence and resentencing pursuant to the same Amendment.

    The petitioner also brings to the court's attention that there exist an unresolved jurisdictional question relevant to the prosecution's failure to comply with the strict and mandatory

1

requirements ot Title 21 U.S.C. § 851(a), prior to the petitioner entering his guilty plea, that must be resolved in concert with the reduction of sentencing and resentencing relevant to retroactive Amendment 706.

The petitioner was sentenced on September 13, 2000, to a term of 188 months imprisonment. The petitioner is currently incarcerated in the United States Penitentiary-1 at the Federal Correctional Complex in Coleman, Florida, where he is serving said sentence imposed. The petitioner has set out the facts relevant to the retroactive amendment to the sentencing guidelines, of which warrant a reduction of sentence and resentencing below.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner entered a plea agreement with the government on September 7, 1999, where he agreed to enter a guilty plea to count one (1) of the charging indictment, conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and in excess of five (5) kilograms of cocaine base, in violation of Title 21 U.S.C. § 846. The prosecution did not provide the petitioner with a notice of enhancement pursuant to Title 21 U.S.C. § 851(a), within the contents of the plea agreement, nor prior to the entry of the petitioner's plea agreement.

The petitioner later entered a guilty plea in front of the court on March 6, 2000, and the district court accepted the petitioner's guilty plea. The petitioner received his presentence report (PSR) prior to sentencing, and the PSR provided him with a base offense level of 32 as a result of being attributed at least (5) kilograms but less than fifteen (15) kilograms of cocaine. See, PSR at pg. 7

The petitioner was also attributed two (2) sentencing guideline enhancement points of possessing a weapon during the offense plead to. Id. PSR at pg. 7. The petitioner's final base offense level was determined to be a level 31 after be was attribute three (3) points for acceptance of responsibility. See, PSR at pg. 8.

The petitioner was also attributed some 21 criminal history points as a result of prior convictions, and an additional two (2) criminal history points for matters related to the present case and his prior convictions. The petitioner was attributed a total of 23 criminal history points. See, PSR at pg. 8-14. The petitioner proceeded to sentencing and no objections to the cocaine or cocaine base attributed to him were made, nor was any objection and/or dispute that the government failed to prove that the cocaine base involved in the case was, in fact, crack cocaine, that warranted the enhanced penalty of a 100 to 1 enhanced sentence. The district court went on to sentence the petitioner to some 188 months. See, Sentencig Transcripts.

<u>Application of Retroactive Amendment 706</u>

Title 18 U.S.C. § 3582(c)(2) states in part:

> "In the case of a defendan who has been sentenced to a term of imprisonment based on a sentence range that has subsequentlty been lowered by the Sentencing Commission pursuant to 28 USC § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Additionally, Section 1B1.10 of the federal Sentencing Guidelines Manual, captioned "Retroactivity of Amendment Guideline

3

Range (Policy Statement)" is compatible with 18 U.S.C. § 3582 (C)(2). Section 1B1.10(a)(1) states in part:

> "In General-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in Subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy."

Both 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the federal Sentencing Guidelines are relevant to the petitioner's present request for reduction of sentence, and must be applied. The Sentencing Commission's retroactive Amendment 706 is readily applicable here, as it went into effect on November 1, 2007, and outlined new procedures for calculating penalties in cases involving cocaine base (crack cocaine). In Amendment 706, the Commission amended the drug quantity table in § 2D1.1 so that crack quantities triggering five and ten year mandatory minimums are assigned base offense levels two levels lower than before. See, Amendment 706, U.S.S.G., § 2D1.1 (2007).

The Sentencing Commission's Amendment 711 made Amendment 706 retroactive, and the petitioner seeks a hearing to have the retroactive amendment applied in his case, and to have the court apply the advisory guidelines in concert with the sentencing factors of Title 18 U.S.C. § 3553(a), to any reduction of sentence that the petitioner may receive in light of United States v. Booker, 543 U.S. 220 (2005). The petitioner also seeks the application of the Supreme Court's rulings in Kimbrough v. U.S., 128 S.Ct. 558, 568 (2007), where the court can take into account the reason for the amended guidelines, the arbitrary disparity between

4

sentences for crack violations and sentences for powder cocaine violations, and <u>Gall v. U.S.</u>, 128 S.Ct. 586 (2007), where the court can deviate from the guidelines range in sentencing a defendant.

Determination of the Petitioner's Correct
Base Offense Level Pursuant to Amendment 706
and Additional Factors for Resentencing

The petitioner brings to the court's attention that at first impression it may appear that he is not entitled to relief pursuant to Amendment 706 because the presentence report has used the drug substance of cocaine to determine the petitioner's base offense level, yet, any such assertion is clearly erroneous. The petitioner has been convicted of a cocaine base (crack cocaine) offense, and the reduction pursuant to Amendment 706 is warranted in concert with the sentencing factors of § 3553(a).

The petitioner's base offense level was determined to be a level 32 by the probation office, where the probation office relied on at least five (5) kilograms but less than fifteen (15) kilograms of cocaine, not the cocaine base (crack cocaine) that was plead to by the petitioner, for sentencing purposes. Id. PSR at pg. 7. The Fifty grams of cocaine base plead to by the petitioner would now be a level 30, warranting a sentence of 168 to 210 months when applying the two level reduction pursuant to Amendment 706, and being sentenced in criminal history category six (6). Given the fact that the petitioner plead guilty to both cocaine and cocaine base, his base offense level would remain the same, a level 32, because the five kilograms of cocaine would still trigger the ten (10) year minimum mandatory sentence imposed on him.

Nevertheless, applying the sentencing factors of § 3553(a) and the other factors relevant to the request for reduction of sentence and resentencing, the petitioner's sentence must be reduced, and resentencing is warranting.

Of importance in this case, relevant to reduction of sentence and resentencing, are other factors: (1) the district court's lack of jurisdiction to use the petitioner's prior convictions to sentence him in criminal history category six (6) because of the government's failure to comply to Title 21 U.S.C.§ 851(a) prior to entry of the guilty plea; and (2) the guideline range that the district court must first determine in imposing a sentence on the petitioner, as required pursuant to 18 U.S.C. § 3553(a).

District Court's Lack of Jurisdiction to Use Petitioner's Prior Convictions For Enhancement Purposes Because of the Government'S Failure to Comply to the Requirements of Title 21 U.S.C. § 851(a)

The petitioner contends that the prosecution failed to comply with the strict and mandatory requirements of Title 21 U.S.C. § 851(a), prior to the entry of his plea agreement and guilty plea, and because of the prosecution's error, the district court lacked subject matter jurisdiction to use the petitioner's prior convictions for enhancement purposes. This honorable court must correc the error that has occurred in concert with reducing the petitioner's sentence pursuant to retroactive Amendment 706.

The petitioner brings to the court's attention that there exist a jurisdictional question that must be resolved in reference to the prosecution's failure to comply with 21 U.S.C. § 851(a). See, U.S. v. Romero-Carrion, 54 F.3d 15, -18 (1st

6

Cir. 1995). The First Circuit, in concert with other Circuits, has ruled that failure to file the information pursuant to 21 U.S.C. § 851(a) deprives the district court of jurisdiction to impose an enhanced sentence. Id. Romero-Carrion, 54 F.3d at 17-18.

Here, the government did not file a § 851(a) notice prior to the petitioner entering his guilty plea, nor at any other time during the proceedings. The petitioner was later attributed some 23 criminal history points as a result of prior convictions in the PSR, and the district court imposed sentence on the petitioner by using the same 23 criminal history points. The petitioner was sentenced to some 188 months as a result of the 23 criminal history points attributed to him, where he would have faced a sentence of no more than 108-135 months, if the court would not used the 23 criminal history points to enhance his sentence.

The district court clearly lacked subject matter jurisdiction to use the petitioner's prior convictions for enhancement purposes, and the error must be corrected at this time. The law is established that a court is obligated to inquire into jurisdiction sua sponte, whenever it may be lacking. See, Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). Furthermore, it has been ruled that the doctrine of harmless error does not apply with respect to failures to comply with the mandatory language of the procedural requirements. See, U.S. v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990).

The district court must correct this error when determining whether or not it will grant the petitioner the two level reduction pursuant to Amendment 706. Even if the court does not attribute the petitioner the two level reduction in sentence, the petitioner's sentence must be vacated, and he must be resentenced in criminal history category one (1) because of the § 851(a) violation that has occurred.

### Request for Correction of Substantial Rights Violations of the Fifth and Sixth Amendments When Reducing the Petitioner'S Sentence

The petitioner, having presented this honorable court with the present motion requesting reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), relevant to Amendment 706 to the Sentencing Guidelines, contends that this honorable court has a duty and an obligation to correct the substantial rights violations of the Fifth and Sixth Amendment that have occurred when reducing the petitioner's sentence, and to apply the sentencing factors of 18 U.S.C. § 3553(a). The petitioner has set out his argument and memorandum of law below.

The petitioner brings to court's attention that the law has long since been established that courts have a duty to correct constitutional violations of substantial rights whenever it appears that a substantial right has been violated. See, Swan v. Mecklenburg Board of Education, 402 U.S. 1, 15 (1971). The petitioner seeks a decision with substantial justice, that being the result of a case in which essential rights were not disregarded or denied, to which he is entitled. See, Kotteakos v. U.S., 328 U.S. 750, 90 L.Ed.2d 1557, 66 S.Ct. 1239 (1946).

Relevant here, is the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2348, 147 L.Ed.2d 621 (2000), where the Supreme Court established the law that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubrt." Id., Apprendi, 590 U.S. at 490.

Also, the Supreme Court's ruling in Blakely v. Washington, 543 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), reaffirmed Apprendi and applied it to facts permitting a sentence in excess of the "standard," and clarified that the statutory maximum that a judge may impose for Apprendi purposes is the maximum sentence that a judge may impose solely on the basis of the facts reported in the jury's verdict or admitted by the defendant. Id. Blakely, 542 U.S. at 403-14.

The Supreme court's ruling in U.S. v. Booker, 435 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), invalidated the mandatory federal sentencing guidelines and made them advisory, then reaffirmed the ruling in Apprendi, further clarifying that "any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by the plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt. Id., Booker, 543 U.S. at 227, 233-34.

The petitioner contends that retroactivity of the Supreme Court's rulings in Apprendi, Blakely, and Booker is not an issue for discussion, given the fact that the petitioner is before the court and has suffered violations of his substantial rights under

9

the Fifth and Sixth Amendment to the Constitution in light of the rulings, and because the rulings applied to the case from the onset. The Supreme Court has long since established that errors that violate substantial rights cannot be disregarded. See, Olano v. U.S., 507 U.S. 725, 123 L.Ed.2d 508, 113 S.Ct. 1770 (1993).

Given the established law of the court's duty and obligation to correct constitutional violations, coupled with the esgtablished law that errors that violate substantial rights cannot be disregarded, the violations of the petitioner's Fifth and Sixth Amendment substantial rights that occurred in light of the rulings in Apprendi, Blakely, and Booker, and must be corrected.

Post Booker, the guidelines become but one of several factors to be considered by the court in the sentencing process. First, the guideline range, including policy statements are to be considered under 18 U.S.C. § 3553(a)4 and (5) as an advisory guide. Applicable departures under the guidelines are also to be considered. Now courts must also consider the statutory directives presented in other parts of § 3553(a) as well as the Congressional directive that "No limitation shall be placed on the information concerning the background, character and conduct of" the defendant in the course of the sentencing process. See, Title 18 U.S.C. § 3661. In other words, the court is free to sentence just like it did pre-November 1987.

Section 3553(a)(1) specifically directs that the court shall consider during the sentencing process "the history and characteristics of the defendant". Therefore, such matters as age, employment, family ties, good deeds, and community ties, for instance,

10

can and should be considered by this court in fashioning a reasonable sentence. Under the same subsection of § 3553, the court is directed to consider the "nature and circumstances of the offense" without the mandatory directives of the now advisory guidelines. The court is directed in § 3553(a)(2)(A) to fashion a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant..." Under Booker, each of these factors is to be seperately considered by a court as part of the entire sentencing process.

Further, § 3553(a)(6) directs the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct..." That certainly means more than calculating each defendant's guidelines and simply imposing the mandated sentence. Finally, under § 3553(a)(7), the court shall consider "the need to provide restitution to any victims of the offense." The court must now analyze whether deviation form the advisory guidelines range is appropriate giving due consideration to each of the factors enumerated.

At any resentencing, the petitioner must be granted the opportunity to present any relevant evidence about his personal history and characteristics as required by §§ 3553(a) and 3661, and present any argument about the role that each subsection of § 3553(a) should play in the sentencing process.

11

Additionally, the Supreme Court's ruling Kimbrough is applicable to the petitioner's request for reduction of sentence. The Supreme Court established in Kimbrough that a district court judge may consider the disparity between the Guidelines' treatment of crack and powder offenses as a factor for reducing a defendant's sentence. Id., Kimbrough, supra.

The Supreme Court's ruling in Gall reaffirmed the fact that the district court can deviate from the guidelines range when sentencing defendants, in concert with Kimbrough. The petitioner request that the court make Kimbrough and Gall determinations in reducing his sentence, relevant to the sentence that he has received.

As the law is now established, the district court must first correctly calculate the applicable guideline range in sentencing the defendant. See, § 5G2.0, U.S.S.G. (2005). The Guidelines are the starting point and initial benchmark, but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of the § 3553(a) factors to determine whether they support either party's proposal. The court may not presume that the guideline range is reasonable, but must make an individualized assessment based on facts presented. Id. Gall, 128 S.Ct. at 596-597.

Determining the petitioner's base offense level and advisory guideline range starts form the facts charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. Id., Charging Indictment.

The petitioner plead to a specific amount of drugs, at least five kilograms of cocaine and at least fifty grams of cocaine base (crack cocaine), that would trigger a ten (10) year minimum mandatory sentence. In order for the minimum mandatory sentences of five (5) and ten (10) years to be triggered, the indictment must first charge the required amounts, and the jury must have determined guilt on the same, or the defendant must have admitted to the required quantities. See, U.S. v. Westmoreland, 240 F.3d 618, 632 (7th Cir. 2001) and U.S. v. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000).

A base offense level of 32 is warranted for five kilograms of cocaine and fifty grams of cocaine base (crack cocaine), which would warrant a sentence of 121 to 151 months. See, Sentencing Table U.S.S.G.. The 121 to 151 months would be the guideline range and the maximum sentence that the court could impose on the petitioner as established in Blakely. Id., Blakely, 542 U.S. at 303. Constitutional Booker error has occurred in the present case, where the district court has used extra-verdict facts, such as possession of a weapon during the offense of conviction, to enhance the petitioner's sentence. Id., Booker, 543 U.S. at _____.

As set out in Booker, the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing, or the defendant would have had to admit to such facts when entering a guilty plea. Id. The Eleventh Circuit has only recently addressed a similar matter and remanded the case back to the district court for resentencing. See, U.S. v. Phillips, 2006 U.S. App. LEXIS 10812, April 26, 2006.

The First Circuit has yet to address, adjudicate, and resolve on the merits, Constitutional <u>Booker</u> error, and the ruling in <u>Phillips</u> is instructive here.

The Fifth and Sixth Amendment right violations that have occurred here, must be corrected at this time in concert with the reduction of the petitioner's sentence, in order to correct the substantial rights violations that have occurred. Also, in order to prevent a manifest injustice, the petitioner must be afforded the relief requested. The entire sentencing package of the present case must be vacated, and the petitioner must be resentenced.

Request for Evidentiry Hearing for
Resentencing and Allocution Purposes

The petitioner contends that an evidentiary hearing is warranted for resentencing and allocution purposes, as the entire sentencing package must be vacated, in light of the sentencing reduction requested pursuant to 18 U.S.C. § 3582(c)(2), and the constitutional errors being presented that must be corrected. See, <u>U.S. v. Taylor</u>, 11 F.3d 149, 151 (11th Cir. 1994).

The court's failure to schedule an evidentiary hearing for resentencing purposes will deprive the petitioner of his right to be present and make statments relevant to resentencing. In order for the court to be in compliance with Rule 32(a)(1)(C) and Rule 43(a) of the Federal Rules of Criminal Procedure, the court must schedule an evidentiary hearing for resentencing purposes. See, Rule 32(a)(1)(C) and Rule 43(a), Federal Rules of Criminal Procedure.

## Conclusion

Wherefore, the petitioner request this honorable court to grant the present request for reduction of sentence to him pursuant to Amendment 706, and vacate his entire sentencing package upon granting his motion seeking a reduction of sentence for resentencing purposes relevant to the arguments presented. The petitioner also request this court to correct the substantial rights violations that have occurred and to afford him relief pursuant to 18 U.S.C. § 3553(a). Finally, the petitioner request that the court schedule an evidentiary hearing for resentencing purposes.

The petitioner request any other relief the court deems just and proper.

Respectfully Submitted,

_____
Luis Sanchez-Diaz, Pro-se
# 18153-069
FCC Coleman-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

# Certificate of Service

I, __Luis Sanchez Diaz__, hereby certify that I have served a true and correct copy of the following document(s):

    Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(2) Requesting Sentence Reduction for Crack Cocaine Offenses and Criminal History Relevant to Retroactive Amendments to the Sentencing Guidelines, and Request for Hearing for Allocution purposes.

which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time that it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I placed the above-referenced material in a sealed envelope with first-class postage affixed, addressed it to:

    United States Attorneys Office
    350 Carlos Chardon Avenue
    Hato Rey, Puerto Rico 00918

and deposited the envelope in the legal mailbox at FCC Coleman/ U.S. Penitentiary-1 for collection and mailing via the U.S. Postal Service on this 29 day of Mayo, 2008.

Name: Luis Sanchez Diaz
Register No.: 18153-069
FCC Coleman/USP-1
P.O. Box 1033
Coleman, FL 33521-1033